UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HILDA L. SOLIS, Secretary of Labor,
United States Department of Labor,

    Plaintiff,

v.

STATE OF WASHINGTON,
DEPARTMENT OF SOCIAL AND
HEALTH SERVICES,

    Defendant.

CASE NO. C08-5479BHS

ORDER GRANTING
PLAINTIFF'S MOTION FOR A
PROTECTIVE ORDER TO
PROTECT THE IDENTITIES OF
WITNESS EMPLOYEES
PURSUANT TO THE
GOVERNMENT'S
INFORMANT PRIVILEGE AND
GRANTING IN PART AND
DENYING IN PART
DEFENDANT'S MOTION TO
COMPEL

This matter comes before the Court on Plaintiff's Motion for a Protective Order to Protect the Identities of Witness Employees Pursuant to the Government's Informant Privilege (Dkt. 38) and Defendant's Motion to Compel (Dkt. 51). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby grants Plaintiff's motion and grants in part and denies in part Defendant's motion for the reasons stated herein.

ORDER - 1

## I. PROCEDURAL HISTORY

On July 31, 2008, Plaintiff Elaine L. Chao[1], Secretary of Labor, United States Department of Labor, filed a complaint against the State of Washington, Department of Social and Health Services ("DSHS"). Dkt. 1. Plaintiff seeks to enjoin Defendant from alleged violations of the Fair Labor Standards Act of 1938 and "for the recovery of a Judgment against Defendant for unpaid overtime compensation due Defendant's employees." *Id*. at 1. As part of the complaint, Plaintiff attached a document listing the names of approximately 1500 current and former employees of DSHS. *Id*., Exh. A.

On December 14, 2009, Plaintiff filed a Motion for a Protective Order to Protect the Identities of Witness Employees Pursuant to the Government's Informant Privilege. Dkt. 38. On December 22, 2009, Defendant responded. Dkt. 42. On December 28, 2009, Plaintiff replied. Dkt. 45.

On January 12, 2010, Defendant filed a Motion to Compel. Dkt. 51. On January 25, 2010, Plaintiff responded. Dkt. 54. On January 29, 2010, Defendant replied. Dkt. 56.

## II. DISCUSSION

In this case, Plaintiff requests a "protective order to limit the disclosure of the identity of employee informants pursuant to the [informant privilege]." Dkt. 38 at 1. On the other hand, Defendant argues that Plaintiff should not be allowed to assert the privilege and that most of the documents withheld by Plaintiff do not implicate the privilege. Dkt. 51 at 2.

The informant privilege protects "the identity of person who furnish information of violations of law to officers charged with enforcement of that law." *Roviaro v. U.S.*, 353 U.S. 53, 59 (1957). "In FLSA actions brought by the Secretary of Labor, the 'informant's privilege' may be used to conceal names of employees who precipitated the suit by filing

---

[1] The caption has been changed to reflect the confirmation of Secretary Hilda A. Solis.

complaints with the Department of Labor." *Does v. Advanced Textile Corp.*, 214 F.3d 1058, 1072-73 (9th Cir. 2000).

The informant's privilege is limited in certain respects. *Roviaro*, 353 U.S. at 60. "[W]here the disclosure of the contents of a communication will not tend to reveal the identity of an informer, the contents are not privileged." *Id*. "[O]nce the identity of the informer has been disclosed to those who would have cause to resent the communication, the privilege is no longer applicable." *Id*. Finally, "[w]here the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." *Roviaro*, 353 U.S. at 60-61. To determine whether disclosure is appropriate, the Court should consider: (1) whether the testimony would be "relevant and helpful" to the defendant's case, especially in terms of the relationship between the asserted defenses and the likely testimony of the informant; and (2) the government's interest in protecting the informant. *United States v. Sai Keung Wong*, 886 F.2d 252, 255-56 (9th Cir. 1989)

"The privilege belongs to the Government and must be asserted by it; it can neither be claimed nor waived by a private party. It is not to be lightly invoked. There must be formal claim of privilege, lodged by the head of the department which has control over the matter, after actual personal consideration by that officer." *United States v. Reynolds*, 345 U.S. 1, 7-8 (1953). Once the government asserts the informant privilege, the opposing party bears the burden of showing a compelling need for the information sufficient to overcome the privilege. *United States v. Sanchez*, 908 F.2d 1443, 1451 (9th Cir. 1990).

In this case, Defendant argues that Plaintiff did not properly invoke the informant privilege. Dkt. 51 at 7-8. Based on the filings of the parties, the Court is satisfied that Plaintiff has properly invoked the informant privilege. Therefore, the Court will grant Plaintiff's motion for a protective order as to information that would tend to identify the informants.

The problem, however, is that Plaintiff has overused the privilege in responding to discovery requests. Defendant requests that the Court compel Plaintiff to respond to Interrogatory Nos. 1, 4 and 6; Requests for Production 3, 20 and 22; and Requests for Production 12-13, 15-17 and 23. *See* Dkt. 56 at 3-7. The Court will address each request.

### 1. Interrogatory Nos. 1, 4 and 6

These interrogatories seek only neutral factual information regarding all employees who were allegedly not paid overtime. *See* Dkt. 51 at 4-5. While an informant may have not been paid overtime, the release of general information as to all employees who were not paid overtime does not tend to identify specific informants. Therefore, the Court grants Defendant's Motion to Compel as to Interrogatory Nos. 1, 4 and 6.

### 2. Requests for Production 3, 20 and 22

Plaintiff has failed to object to Defendant's motion regarding Requests for Production 3, 20 and 22. *See* Dkt. 54. Defendant claims that Plaintiff's assertion of the informant privilege is far too broad in responding to these specific requests. But Defendant has failed to submit either the Requests for Production or Plaintiff's answers. Therefore, the Court denies Defendant's motion as to these requests because the Court cannot determine the scope of Plaintiff's assertion of the privilege.

### 3. Requests for Production 12-13, 15-17, and 23

Plaintiff has also failed to object to Defendant's motion regarding Requests for Production 12-13, 15-17, and 23. *See* Dkt. 54. Defendant claims that Plaintiff has given assurances of production regarding these requests, but complete documents have not been produced. Dkt. 56 at 7. Plaintiff is hereby ordered to timely comply with its discovery obligations.

## III. ORDER

Therefore, it is hereby

**ORDERED** that Plaintiff's Motion for a Protective Order to Protect the Identities of Witness Employees Pursuant to the Government's Informant Privilege (Dkt. 38) is **GRANTED** and Defendant's Motion to Compel (Dkt. 51) is **GRANTED in part** and **DENIED in part** as stated herein.

DATED this 10th day of February, 2010.

BENJAMIN H. SETTLE
United States District Judge