UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HILDA L. SOLIS, Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF WASHINGTON, DEPARTMENT OF SOCIAL AND HEALTH SERVICES,<br><br>Defendant. | CASE NO. C08-5479BHS<br><br>ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S DEFENSES AND AFFIRMATIVE DEFENSES |

This matter comes before the Court on Plaintiff's Motion to Strike Defendant's Defenses and Affirmative Defenses (Dkt. 37). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On July 31, 2008, Plaintiff Elaine L. Chao[1], Secretary of Labor, United States Department of Labor, filed a complaint against the State of Washington, Department of Social and Health Services ("DSHS"). Dkt. 1. Plaintiff seeks to enjoin Defendant from alleged violations of the Fair Labor Standards Act of 1938 ("FLSA") and "for the recovery of a Judgment against Defendant for unpaid overtime compensation due Defendant's employees." *Id*. at 1.

On October 20, 2009, Defendant moved for leave to amend its Answer. Dkt. 23. On October 27, 2009, Plaintiff responded and argued that allowing Defendant to amend

---

[1] The caption has been changed to reflect the confirmation of Secretary Hilda A. Solis.

ORDER - 1

would cause prejudice and undue delay. *See* Dkt. 26. On December 1, 2009, the Court granted Defendant leave to amend. Dkt. 35. On December 2, 2009, Defendant filed an Amended Answer. Dkt. 36.

On December 10, 2009, Plaintiff filed a Motion to Strike Defendant's Defenses and Affirmative Defenses. Dkt. 37. On December 21, 2009, Defendant responded. Dkt. 40. On December 28, 2009, Plaintiff replied. Dkt. 44.

## II. DISCUSSION

The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). Motions to strike are generally disfavored because of the limited importance of pleadings in federal practice and because it is usually used as a delaying tactic. William Schwarzer, *et al.*, *Federal Civil Procedure Before Trial* § 9:375.

In this case, Plaintiff requests that the Court strike Defendant's defenses ##2, 5, 6, 7, 9, 10, 14 and 15. Dkt. 37 at 1. Plaintiff argues that Defendant has failed to provide "fair notice" as to these defenses because Defendant has failed to state whether each defense is a defense or an affirmative defense. *Id*. at 3. Plaintiff's argument is without legal support and without merit. Therefore, the Court denies Plaintiff's motion on this issue.

Plaintiff also requests that the Court strike defense #10 because it is redundant. Dkt. 37 at 3. In defense #10, Defendant seeks to limit the remedies available to Plaintiff to the remedies that are available under the FLSA. Dkt. 40 at 7-8. The Court finds that the defense is not redundant and should be addressed on the merits. Therefore, the Court denies Plaintiff's motion on this issue.

Plaintiff also requests that the Court strike defense #14 because it "lacks a colorable argument." Dkt. 37 at 4-6. Defendant counters that its sovereign immunity defense presents a substantial question of law and is more suitable for a dispositive motion. Dkt. 40 at 8-10. The Court agrees to the extent that it would be inappropriate to

decide this issue on a Rule 12(f) motion. Therefore, the Court denies Plaintiff's motion on this issue.

Finally, Plaintiff requests that the Court strike defense #15 which is based on the doctrines of unclean hands and estoppel. Dkt. 37 at 6-8. Defendant counters that unclean hands and/or estoppel are relevant defenses to the relief of a permanent injunction. Dkt. 40 at 10-12. Again, the Court agrees to the extent that it would be inappropriate to decide this issue on a Rule 12(f) motion. Therefore, the Court denies Plaintiff's motion on this issue.

## III. ORDER

Therefore, it is hereby

**ORDERED** that Plaintiff's Motion to Strike Defendant's Defenses and Affirmative Defenses (Dkt. 37) is **DENIED**.

DATED this 11th day of February, 2010.

BENJAMIN H. SETTLE
United States District Judge