UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HILDA L. SOLIS, Secretary of Labor,
United States Department of Labor,

    Plaintiff,

v.

STATE OF WASHINGTON,
DEPARTMENT OF SOCIAL AND
HEALTH SERVICES,

    Defendant.

CASE NO. C08-5479BHS

ORDER DENYING
PLAINTIFF SECRETARY'S
MOTION FOR
RECONSIDERATION OF
ORDER GRANTING IN PART
DEFENDANT'S MOTION TO
COMPEL

This matter comes before the Court on Plaintiff Secretary's Motion for Reconsideration of Order Granting in Part Defendant's Motion to Compel (Dkt. 62). The Court has considered the pleading filed in support of the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On July 31, 2008, Plaintiff Elaine L. Chao[1], Secretary of Labor, United States Department of Labor, filed a complaint against the State of Washington, Department of Social and Health Services ("DSHS"). Dkt. 1. Plaintiff seeks to enjoin Defendant from alleged violations of the Fair Labor Standards Act of 1938 and "for the recovery of a

---

[1] The caption has been changed to reflect the confirmation of Secretary Hilda A. Solis.

ORDER - 1

Judgment against Defendant for unpaid overtime compensation due Defendant's employees." *Id*. at 1. As part of the complaint, Plaintiff attached a document listing the names of approximately 1500 current and former employees of DSHS. *Id*., Exh. A.

On December 14, 2009, Plaintiff filed a Motion for a Protective Order to Protect the Identities of Witness Employees Pursuant to the Government's Informant Privilege. Dkt. 38. On December 22, 2009, Defendant responded. Dkt. 42. On December 28, 2009, Plaintiff replied. Dkt. 45.

On January 12, 2010, Defendant filed a Motion to Compel. Dkt. 51. On January 25, 2010, Plaintiff responded. Dkt. 54. On January 29, 2010, Defendant replied. Dkt. 56.

On February 10, 2010, the Court granted Plaintiff's motion and granted in part and denied in part Defendant's motion. Dkt. 60. On February 12, 2010, Plaintiff filed a motion for reconsideration of the Court's order on Defendant's motion. Dkt. 62.

## II. DISCUSSION

Motions for reconsideration are governed by Local Rule CR 7(h), which provides as follows:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Local Rule CR 7(h)(1).

In this case, Plaintiff argues that the Court committed manifest error in its application of the law to the facts of this case because the Court ordered Plaintiff to respond to Defendant's interrogatories. Dkt. 62 at 1-3. Plaintiff claims that, under the government informant's privilege, it may withhold the names of DSHS employees who either were interviewed or returned questionnaires prior to filing the complaint. *Id*. at 3-4. The Court disagrees with Plaintiff's broad application of this privilege. "In FLSA actions brought by the Secretary of Labor, the 'informant's privilege' may be used to conceal names of employees who precipitated the suit by filing complaints with the

ORDER - 2

Department of Labor." *Does v. Advanced Textile Corp.*, 214 F.3d 1058, 1072-73 (9th Cir. 2000). It would seem that employees who voluntarily provided information during Plaintiff's investigation would not be considered "employees who precipitated the suit by filing complaints." In any event, the Court finds that it was not manifest error to grant Defendant's motion at this stage of the proceeding instead of allowing Plaintiff to conceal information until pretrial disclosures. Therefore, the Court denies Plaintiff's motion.

## III. ORDER

Therefore, it is hereby

**ORDERED** that Plaintiff Secretary's Motion for Reconsideration of Order Granting in Part Defendant's Motion to Compel (Dkt. 62) is **DENIED**.

DATED this 16th day of February, 2010.

BENJAMIN H. SETTLE
United States District Judge