1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Hon. Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HILDA L. SOLIS, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, | )<br>)<br>) Case No. 3:08-cv-05479-BHS |
| Plaintiff, | )<br>) **SECRETARY OF LABOR'S MOTION** |
| STATE OF WASHINGTON, DEPARTMENT OF SOCIAL AND HEALTH SERVICES, | ) **TO CERTIFY ORDERS GRANTING**<br>) **IN PART DEFENDANT'S MOTION**<br>) **TO COMPEL AND DENYING**<br>) **RECONSIDERATION THEROF AS** |
| Defendant. | ) **IMMEDIATELY  APPEALABLE**<br>) **PURSUANT TO 28 U.S.C. § 1292(b)**<br>) |
| | ) **Noted for Consideration: March 12, 2010** |

COMES NOW Plaintiff in this matter and hereby moves this Court to enter an Order Certifying that its February 10, 2010 Order Granting in Part Defendant's Motion to Compel and its February 16, 2010 Order denying Plaintiff's Motion for Reconsideration of that Order are immediately appealable to the Ninth Circuit Court of Appeals pursuant to 28 U.S.C. § 1292(b).

## I.  FACTS

On December 14, 2009, Plaintiff filed a Motion for a Protective Order to Protect the Identities of Witness Employees Pursuant to the Government's Informant Privilege.  Dkt. 38.  On January 12, 2010, Defendant filed a Motion to Compel (Dkt. 51) and on January 25, 2010 Plaintiff filed her Response to that Motion (Dkt. 54).  On February 10, 2010, this Court entered an Order Granting Plaintiff's Motion for a Protective Order to Protect the Identities of Witness Employees Pursuant to the Government Informant Privilege and Granting in Part and Denying in Part Defendant's Motion to Compel.  Dkt. 60.  The Court's

U.S. DEPARTMENT OF LABOR
OFFICE OF THE SOLICITOR
1111 Third Ave., Suite 945
Seattle, WA  98101
Telephone: (206) 553-0940
Facsimile: (206) 553-2768

1  Order requires Plaintiff to timely comply with its discovery obligations.  On February 12, 2010, Plaintiff

2  filed a Motion for Reconsideration of the court's February 10, 2010, Order Granting in Part Defendant's

3  Motion to Compel (Dkt62).  On February 16, 2010 this Court entered an Order Denying Plaintiff

4  Secretary of Labor's Motion for Reconsideration of Order Granting in Part Defendant's Motion to

5  Compel (Dkt. 64).  This Order was served on the parties on February 18, 2010.

## 11 ARGUMENT

7  28 U.S.C. § 1292(b) states:

> When a district judge, in making in a civil action an order not otherwise appealable
> under this section, shall be of the opinion that such order involves a controlling
> question of law as to which there is substantial ground for difference of opinion and
> that an immediate appeal from the order may materially advance the ultimate
> termination of the litigation, he shall so state in writing in such order.

The Ninth Circuit has set forth a three prong test for 1292(b) orders that needs to be met in order for an

order pursuant to this statutory provision to be entered: 1) that there be a controlling question of law, (2)

that there be substantial grounds for difference of opinion, and (3) that an immediate appeal may

materially advance the ultimate termination of the litigation.  In re Cement Antitrust Litigation, 673 F.2d

1020, 1026 (9th Cir.1982).

Recently the Supreme Court addressed the issue of the applicability of 28 U.S.C. § 1292(b) in the

context of an appeal of an adverse discovery ruling concerning the attorney-client privilege.  Mohawk

Industries, Inc. v. Carpenter, 130 S.Ct. 599, 607 (2009).  In ruling that a District Court order requiring

disclosure of material in discovery normally protected by the attorney-client privilege did not qualify for

immediate appeal under the collateral order doctrine, the Court addressed concerns that there was no

avenue, other than the collateral order doctrine, to address discovery orders implicating the attorney-

client privilege:

> Moreover, were attorneys and clients to reflect upon their appellate options, they
> would find that litigants confronted with a particularly injurious or novel privilege
> ruling have several potential avenues of review apart from collateral order appeal.
> First, a party may ask the district court to certify, and the court of appeals to accept, an
> interlocutory appeal pursuant to 28 U.S.C. § 1292(b). The preconditions for § 1292(b)
> review--"a controlling question of law," the prompt resolution of which "may

U.S. DEPARTMENT OF LABOR
OFFICE OF THE SOLICITOR
1111 Third Ave., Suite 945
Seattle, WA  98101
Telephone: (206) 553-0940
Facsimile: (206) 553-2768

materially advance the ultimate termination of the litigation"--are most likely to be satisfied when a privilege ruling involves a new legal question or is of special consequence, and district courts should not hesitate to certify an interlocutory appeal in such cases.

Id.

The situation presented by this Court's Orders regarding Defendant's Motion to Compel falls squarely within the situation discussed by the Supreme Court in Mohawk.  This Court's ruling will require Plaintiff to disclose the identity of individuals who have provided information to the Secretary of Labor during her investigation into Defendant's compliance with the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq.  While this Court has disagreed with Plaintiff regarding the use of this privilege in responding to discovery requests and held that the privilege does not protect employees who voluntarily provided information to Plaintiff during her investigation, other courts have consistently applied the privilege in similar situations and protected from disclosure just such ersons.  Brock v. On Shore Quality Control, 811 F.2d 282, 283 (5th Cir. 1987); Dole v. Local 1942, Int'l Bro. of Teamsters, 870 F.2d 368, 372 (7th Cir. 1989);  Brennan v. Engineered Products, Inc., 506 F.2d 299, 302 (8th Cir. 1974); Reich v. Great Lakes Collection Bureau, Inc., 172 F.R.D. 58, 60 (W.D.N.Y. 1997).

Courts have also recognized that the privilege serves important government interests in that enforcement of the FLSA is highly dependent on the cooperation of, and statements given by, employees and such cooperation may not be forthcoming unless the government can assure confidentiality. Brennan v. Engineered Products, Inc., 506 F.2d at 302.  This is because employees are dependent on an employer's good will and thus vulnerable to perceived or actual retaliation.  Wirtz v. B.A.C. Steel Products, Inc., 312 F.2d 14, 16 (5th Cir. 1962).  This Court's rulings requiring Plaintiff to disclose such information is contrary to this long established precedent in other Circuit courts and therefore constitutes a ruling of special consequence implicating the Secretary's ability to not only protect persons who voluntarily provided information in this case but also to be able to conduct effective future investigations.  One court in dicta has acknowledged that requiring disclosure of information protected by the government informant's privilege can constitute a controlling question of law for purposes of 28 U.S.C. § 1292(b) particularly where the issue presented is novel or the law is not well settled.  White v.

U.S. DEPARTMENT OF LABOR
OFFICE OF THE SOLICITOR
1111 Third Ave., Suite 945
Seattle, WA  98101
Telephone: (206) 553-0940
Facsimile: (206) 553-2768

SECRETARY'S MOTION TO CERTIFY ORDERS  - PAGE 3 OF 7
Solis v. Washington State DSHS, No. C08-5479 BHS

1   Nix, 43 F.3d 374, 378 n.3 (8th Cir.1994).  The Ninth Circuit has also accepted for review under 28

2   U.S.C. § 1292(b) the issue of whether documents demanded in discovery were protected from disclosure

3   by the attorney-client privilege.  Tennenbaum v. Deloitte & Touche, 77 F.3d 337, 339 (9th Cir.1996);

4   Transamerica Computer Co., Inc. v. IBM Corp., 573 F.2d 646, 647-48 (9th Cir.1978).  But see U.S. v.

5   Woodbury, 263 F.2d 784, 787-88 (9th Cir.1959).

6          The issue presented by this Court's rulings is also a new legal question in this Circuit.[1]  While

7   the Ninth Circuit in Does I Thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1072-73 (9th

8   Cir.2000) noted in dicta that in FLSA actions brought by the Secretary of Labor the government

9   informant's privilege "may be used to conceal names of employees who precipitated the suit by filing

10  complaints with the Department of Labor," this was not the ruling of the Court and was offered in the

11  context of emphasizing the important public interests presented by the private party plaintiffs

12  requesting that their identities be kept confidential. Indeed, the cases from other circuits cited

13  approvingly by the Ninth Circuit in making this statement in Advanced Textile apply the privilege to

14  persons who voluntarily provide information other than initial complainants.  See Brennan v.

15  Engineered Products, Inc., 506 F.2d at 303-04 (applying privilege to overturn District Court ruling

16  requiring Secretary to list witnesses nearly three months before trial); Usery v. Ritter, 547 F.2d 528,

17  531 (10th Cir.1977) (holding government informant's privilege protected Secretary from answering

18  interrogatory to identify all employees or individuals who provided information to the Department of

19  Labor); U.S. v. Hemphill, 369 F.2d 539, 541-42 (4th Cir.1966)(holding government informant's

20  privilege protected Secretary from disclosing statements of persons who provided information who

21  were not to be called as witnesses); Mitchell v. Roma, 265 F.2d 633, 637 (3rd Cir.1959)(government

22  informant's privilege protects Secretary from identifying persons who had provided the Department

23  with written statements).  Indeed, the court in Advanced Textile goes on to elaborate that the public's

24  greatest interest lies in allowing robust enforcement of the FLSA, using confidential informants. "[A]s

25

26  [1] In Wirtz v. Rosenthal, 388 F.2d 290 (9th Cir.1967) the Ninth Circuit, with very little analysis of the issue, did address the

27  government informant's privilege in a very brief per curium decision limiting its conclusion that the privilege did not apply to the unspecified facts of the case.

28

U.S. DEPARTMENT OF LABOR
OFFICE OF THE SOLICITOR
1111 Third Ave., Suite 945
Seattle, WA  98101
Telephone: (206) 553-0940
Facsimile: (206) 553-2768

SECRETARY'S MOTION TO CERTIFY ORDERS  - PAGE 4 OF 7
Solis v. Washington State DSHS, No. C08-5479 BHS

the Supreme Court has recognized, fear of employer reprisals will frequently chill employees'

willingness to challenge employers' violations of their rights. See <u>Mitchell v. Robert De Mario Jewelry, Inc.</u>, 361 U.S. 288, 292, 80 S.Ct. 332, 4 L.Ed.2d 323 (1960) ("[I]t needs no argument to show that fear of economic retaliation might often operate to induce aggrieved employees quietly to accept substandard conditions.")."  <u>Does I Thru XXIII v. Advanced Textile Corp.</u>, 214 F.3d  at 1073.

III CONCLUSION

As the Supreme Court noted in <u>Mohawk</u>, "litigants confronted with a particularly injurious or novel privilege ruling" may proceed pursuant to 28 U.S.C. § 1292(b).  <u>Mohawk Industries, Inc. v. Carpenter,</u> 130 S.Ct. at 607.  As demonstrated above, certifying these Orders as immediately appealable pursuant to 28 U.S.C. § 1292(b) would "serve as [a] useful 'safety valve' for promptly correcting serious errors".  <u>Id.</u> at 608.  Therefore, Plaintiff respectfully urges this Court to follow the Supreme Court's directive that in circumstances such as this "district courts should not hesitate to

- - -

- - -

- - -

- - -

- - -

- - -

- - -

- - -

- - -

- - -

- - -

- - -

- - -

- - -

- - -

U.S. DEPARTMENT OF LABOR
OFFICE OF THE SOLICITOR
1111 Third Ave., Suite 945
Seattle, WA  98101
Telephone: (206) 553-0940
Facsimile: (206) 553-2768

1    certify an interlocutory appeal in such cases." Id. at 607.

2           Respectfully submitted this 25th day of February, 2010.

3

4                                              Deborah Greenfield
                                               Acting Deputy Solicitor
5

6                                              Lawrence Brewster
                                               Regional Solicitor
7

8                                              Bruce L. Brown
                                               Associate Regional Solicitor
9

10                                             Jeannie Gorman
                                               Senior Trial Attorney
11

12                                             Evan Nordby
                                               Trial Attorney
13

14                                             Jay Williamson
                                               Senior Trial Attorney
15

16                                     By:       /s/ *Jay Williamson*
                                               **U.S. DEPARTMENT OF LABOR**
17                                             **Counsel for Plaintiff**

18

19

20

21

22

23

24

25

26

27

28
                                                     U.S. DEPARTMENT OF LABOR
                                                     OFFICE OF THE SOLICITOR
                                                     1111 Third Ave., Suite 945
                                                     Seattle, WA  98101
                                                     Telephone: (206) 553-0940
                                                     Facsimile: (206) 553-2768

SECRETARY'S MOTION TO CERTIFY ORDERS  - PAGE 6 OF 7
*Solis v. Washington State DSHS*, No. C08-5479 BHS

**CERTIFICATE OF SERVICE**

I do hereby certify that on February 25, 2010 I electronically filed the foregoing Secretary of Labor's Motion to Certify Orders Granting in Part Defendant's Motion To Compel and Denying Reconsideration Thereof as Immediately Appealable Pursuant To 28 U.S.C. § 1292(b) and Proposed Order with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

1.  Kara A. Larsen, Counsel for Defendant State of Washington, Department of Social and Health Services;

2.  Patrick Madden, Counsel for Defendant State of Washington, Department of Social and Health Services; and

3.  Steven R. Peltin, Counsel for Defendant State of Washington, Department of Social and Health Services.


By ___/s/  Jay Williamson___
Jay Williamson, Counsel for Plaintiff

U.S. DEPARTMENT OF LABOR
OFFICE OF THE SOLICITOR
1111 Third Ave., Suite 945
Seattle, WA  98101
Telephone: (206) 553-0940
Facsimile: (206) 553-2768