UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HILDA L. SOLIS, Secretary of Labor,
United States Department of Labor,

    Plaintiff,

  v.

STATE OF WASHINGTON,
DEPARTMENT OF SOCIAL AND
HEALTH SERVICES,

    Defendant.

CASE NO. C08-5479BHS

ORDER DENYING PLAINTIFF'S MOTION TO STAY ORDER; PLAINTIFF'S MOTION TO CERTIFY ORDERS; AND PLAINTIFF'S MOTION TO STAY PROCEEDINGS PENDING RULING ON PLAINTIFF'S MOTION TO CERTIFY

This matter comes before the Court on Plaintiff Secretary of Labor's Motion To Stay Order Granting in Part Defendant's Motion to Compel (Dkt. 63), Plaintiff Secretary of Labor's Motion To Certify Orders Granting in Part Defendant's Motion to Compel and Denying Reconsideration Thereof as Immediately Appealable Pursuant to 28 U.S.C. § 1292(b) (Dkt. 71), and Plaintiff Secretary of Labor's Motion To Stay Proceedings Pending Ruling on Plaintiff's Motion to Certify Orders as Immediately Appealable Pursuant to 28 U.S.C. § 1292(b) and Ruling on Appeal (Dkt. 72). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby denies the motions for the reasons stated herein.

ORDER - 1

# I. FACTUAL AND PROCEDURAL HISTORY

On July 31, 2008, Plaintiff Elaine L. Chao[1], Secretary of Labor, United States Department of Labor, filed a complaint against the State of Washington, Department of Social and Health Services ("DSHS"). Dkt. 1. Plaintiff seeks to enjoin Defendant from alleged violations of the Fair Labor Standards Act of 1938 and "for the recovery of a Judgment against Defendant for unpaid overtime compensation due Defendant's employees." *Id*. at 1. As part of the complaint, Plaintiff attached a document listing the names of approximately 1500 current and former employees of DSHS. *Id*., Exh. A.

On December 14, 2009, Plaintiff filed a Motion for a Protective Order to Protect the Identities of Witness Employees Pursuant to the Government's Informant Privilege. Dkt. 38. Plaintiff stated the issue as follows:

> Whether the Court shall shield from protection the **identity of and information tending to identify those employees** who have cooperated with the U.S. Government during the underlying investigation which led to the filing of the Complaint in this matter, including the **identity of and information tending to identify those** who have provided the U.S. Government with information regarding their hours worked of unscheduled overtime, and all other matters related to the Secretary's claim that employees are due backwages for Defendant's failure to compensate them in accordance with the Fair Labor Standards Act of 1938, 29 U.S.C. §201, *et seq*. ("FLSA").

*Id*. at 2 (emphasis added). With regard to the names of possible informants, Plaintiff requested that the Court allow Plaintiff to assert the government's informant privilege even though every employee, including the alleged informants, was publically disclosed in Exhibit A to the Complaint.

On December 22, 2009, Defendant responded. Dkt. 42. On December 28, 2009, Plaintiff replied and stated that "Plaintiff seeks only to foreclose Defendant's access to the <u>identity</u> of those who provided the U.S. Department of Labor with information, not its access to the underlying information which she has provided." Dkt. 45 at 3 (emphasis in original).

---

[1] The caption has been changed to reflect the confirmation of Secretary Hilda A. Solis.

1    On January 12, 2010, Defendant filed a Motion to Compel. Dkt. 51. Defendant

2 requested, in part, that the Court order Plaintiff to respond to the following

3 interrogatories:

> **INTERROGATORY NO. 1**: Please identify each and every person who has knowledge of the facts alleged in your Complaint or any other facts that support or refute the allegations in the Complaint and, for each such person, specify the precise facts of which they have knowledge, including but not limited to, (with respect to DSHS Employees) hours scheduled, worked, reported, or paid; days scheduled, worked, reported, or paid; overtime scheduled, worked, reported, or paid; and why hours, days, or overtime were or were not reported.
>
> **INTERROGATORY NO. 4**: For each and every DSHS Employee listed in Exhibit A to the Complaint and for each week from February 2006 to the present, please state the hours per day and per week that you allege that he or she worked.
>
> **INTERROGATORY NO. 6** : For each DSHS employee for whom you seek an overtime payment, please state the weeks for which you seek such overtime payment, the number of hours worked during each of those weeks, and the amount allegedly due for each week.

*Id*. at 4-5 ("Interrogatories"). On January 25, 2010, Plaintiff responded. Dkt. 54. On January 29, 2010, Defendant replied. Dkt. 56.

On February 10, 2010, the Court granted Plaintiff's motion and granted in part and denied in part Defendant's motion. Dkt. 60. The Court found that, although Plaintiff may be entitled to assert the informant's privilege as to some material, Plaintiff has overused the privilege during discovery. *Id*. at 4. With regard to the interrogatories, the Court ruled as follows:

> These interrogatories seek only neutral factual information regarding all employees who were allegedly not paid overtime. See Dkt. 51 at 4-5. While an informant may have not been paid overtime, the release of general information as to all employees who were not paid overtime does not tend to identify specific informants. Therefore, the Court grants Defendant's Motion to Compel as to Interrogatory Nos. 1, 4 and 6.

*Id*. at 5.

On February 12, 2010, Plaintiff filed a motion for reconsideration of the Court's order on Defendant's motion (Dkt. 62) and a motion to stay the Court's order (Dkt. 63).

On February 16, 2010, the Court denied Plaintiff's motion for reconsideration. Dkt. 64.

On February 25, 2010, Plaintiff filed a Motion To Certify Orders Granting in Part Defendant's Motion to Compel and Denying Reconsideration Thereof as Immediately Appealable Pursuant to 28 U.S.C. § 1292(b) (Dkt. 71) and a Motion To Stay Proceedings Pending Ruling on Plaintiff's Motion to Certify Orders as Immediately Appealable Pursuant to 28 U.S.C. § 1292(b) and Ruling on Appeal (Dkt. 72). On March 8, 2010, Defendant responded. Dkt. 77. On March 12, 2010, Plaintiff replied. Dkt. 81.

## II. DISCUSSION

28 U.S.C. § 1292(b) reads as follows:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

The Ninth Circuit has set forth a three-prong test for § 1292(b) orders that needs to be met in order for an order pursuant to this statutory provision to be entered: (1) that there be a controlling question of law, (2) that there be substantial grounds for difference of opinion, and (3) that an immediate appeal may materially advance the ultimate termination of the litigation. *In re Cement Antitrust Litigation*, 673 F.2d 1020, 1026 (9th Cir. 1982).

In this case, Plaintiff has failed to show that the issue before the Court satisfies any of the prongs of the § 1292(b) test. First, Plaintiff has not established that the informant's privilege is a controlling question of law. "Congress did not specifically define what it meant by 'controlling'" in Section 1292(b), but the Ninth Circuit has emphasized that the term must be construed in a manner that limits certification to "exceptional situations" and "resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *In re Cement*, 673 F.2d at 1026. Plaintiff has made no showing that this is an exceptional situation. Plaintiff merely disagrees with the Court despite the fact that Plaintiff has made public the name of every possible informant.

ORDER - 4

1  Moreover, Plaintiff has made no showing that a contrary resolution of the issue on
2 appeal could materially affect the outcome of the litigation. Plaintiff concedes that the
3 names must be disclosed at some point in the litigation because the informant's privilege
4 is qualified and not absolute. *See* Dkt. 54 at 10 ("the parties' witnesses and the facts to
5 which they will testify, will be exchanged on May 3, 2010, prior to the trial."). Plaintiff
6 seems to implement its own discovery schedule in disregard of the rules of discovery, as
7 well as the Court's order on Defendant's motion to compel. Therefore, Plaintiff has
8 failed to show that the issue before the Court is a controlling question of law.

9  Second, Plaintiff argues that there is substantial ground for difference of opinion
10 on the issue before the Court. Dkt. 71 at 3. A party's strong disagreement with the
11 court's ruling will not satisfy this requirement. *See, e.g., Hansen v. Schubert*, 459 F.
12 Supp. 2d 973, 1000 (E.D. Cal. 2006). Instead, the moving party must identify "a
13 sufficient number of conflicting and contradictory opinions" that deal directly with the
14 issue at hand. *White v. Nix*, 43 F.3d 374, 378 (8th Cir. 1994). In this case, Plaintiff's
15 argument relies more on a disagreement with the Court than a sufficient number of
16 contradictory cases. Therefore, Plaintiff has failed to establish that there is substantial
17 ground for difference of opinion on the issue before the Court.

18  Finally, Plaintiff provides no argument on the third prong of the test, whether an
19 immediate appeal may materially advance the ultimate termination of the litigation. In
20 fact, an appeal would only delay this litigation as discovery has ended and trial is two
21 months away. Therefore, Plaintiff has also failed to establish that an immediate appeal
22 may materially advance the ultimate termination of the litigation and the Court denies
23 Plaintiff's motion for certification.

24  The motions to stay are also denied because Plaintiff's underlying motions are
25 denied.

# III. ORDER

Therefore, it is hereby

**ORDERED** that Plaintiff Secretary of Labor's Motion To Stay Order Granting in Part Defendant's Motion to Compel (Dkt. 63), Plaintiff Secretary of Labor's Motion To Certify Orders Granting in Part Defendant's Motion to Compel and Denying Reconsideration Thereof as Immediately Appealable Pursuant to 28 U.S.C. § 1292(b) (Dkt. 71), and Plaintiff Secretary of Labor's Motion To Stay Proceedings Pending Ruling on Plaintiff's Motion to Certify Orders as Immediately Appealable Pursuant to 28 U.S.C. § 1292(b) and Ruling on Appeal (Dkt. 72) are **DENIED**.

DATED this 23rd day of March, 2010.

BENJAMIN H. SETTLE
United States District Judge