UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HILDA L. SOLIS, Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF WASHINGTON, DEPARTMENT OF SOCIAL AND HEALTH SERVICES,<br><br>Defendant. | CASE NO. C08-5479BHS<br><br>ORDER DENYING PLAINTIFF'S MOTION TO STAY PROCEEDINGS PENDING RULING ON PLAINTIFF'S PETITION FOR A WRIT OF MANDAMUS TO THE NINTH CIRCUIT COURT OF APPEALS |

This matter comes before the Court on Plaintiff Secretary of Labor's Motion To Stay Proceedings Pending Ruling on Plaintiff's Petition for a Writ of Mandamus to the Ninth Circuit Court of Appeals. Dkt. 93. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

**I. FACTUAL AND PROCEDURAL HISTORY**

On July 31, 2008, Plaintiff Elaine L. Chao[1], Secretary of Labor, United States Department of Labor, filed a complaint against the State of Washington, Department of

---

[1] The caption has been changed to reflect the confirmation of Secretary Hilda L. Solis.

ORDER - 1

Social and Health Services ("DSHS").  Dkt. 1.  Plaintiff seeks to enjoin Defendant from alleged violations of the Fair Labor Standards Act of 1938 and "for the recovery of a Judgment against Defendant for unpaid overtime compensation due Defendant's employees."  *Id*. at 1.  As part of the complaint, Plaintiff attached a document listing the names of approximately 1500 current and former employees of DSHS.  *Id*., Exh. A.

On December 14, 2009, Plaintiff filed a Motion for a Protective Order to Protect the Identities of Witness Employees Pursuant to the Government's Informant Privilege.  Dkt. 38.  Plaintiff stated the issue as follows:

> Whether the Court shall shield from protection the **identity of and information tending to identify those employees** who have cooperated with the U.S. Government during the underlying investigation which led to the filing of the Complaint in this matter, including the **identity of and information tending to identify those** who have provided the U.S. Government with information regarding their hours worked of unscheduled overtime, and all other matters related to the Secretary's claim that employees are due backwages for Defendant's failure to compensate them in accordance with the Fair Labor Standards Act of 1938, 29 U.S.C. §201, *et seq*. ("FLSA").

*Id*. at 2 (emphasis added).  With regard to the names of possible informants, Plaintiff requests that the Court allow her to assert the government's informant privilege even though every employee, including the alleged informants, was publically disclosed in Exhibit A to the Complaint.

On December 22, 2009, Defendant responded.  Dkt. 42.  On December 28, 2009, Plaintiff replied and stated that "Plaintiff seeks only to foreclose Defendant's access to the identity of those who provided the U.S. Department of Labor with information, not its access to the underlying information which she has provided."  Dkt. 45 at 3 (emphasis in original).

On January 12, 2010, Defendant filed a Motion to Compel.  Dkt. 51.  Defendant requested, in part, that the Court order Plaintiff to respond to the following interrogatories:

> **INTERROGATORY NO. 1**: Please identify each and every person who has knowledge of the facts alleged in your Complaint or any other facts that support or refute the allegations in the Complaint and, for each

ORDER - 2

such person, specify the precise facts of which they have knowledge, including but not limited to, (with respect to DSHS Employees) hours scheduled, worked, reported, or paid; days scheduled, worked, reported, or paid; overtime scheduled, worked, reported, or paid; and why hours, days, or overtime were or were not reported.
**INTERROGATORY NO. 4**: For each and every DSHS Employee listed in Exhibit A to the Complaint and for each week from February 2006 to the present, please state the hours per day and per week that you allege that he or she worked.
**INTERROGATORY NO. 6**: For each DSHS employee for whom you seek an overtime payment, please state the weeks for which you seek such overtime payment, the number of hours worked during each of those weeks, and the amount allegedly due for each week.

*Id*. at 4-5 ("Interrogatories").  On January 25, 2010, Plaintiff responded.  Dkt. 54.  On January 29, 2010, Defendant replied.  Dkt. 56.

On February 10, 2010, the Court granted Plaintiff's motion and granted in part and denied in part Defendant's motion.  Dkt. 60.  The Court found that, although Plaintiff may be entitled to assert the informant's privilege as to some material, Plaintiff has overused the privilege during discovery.  *Id*. at 4.  With regard to the interrogatories, the Court ruled as follows:

> These interrogatories seek only neutral factual information regarding all employees who were allegedly not paid overtime. See Dkt. 51 at 4-5. While an informant may have not been paid overtime, the release of general information as to all employees who were not paid overtime does not tend to identify specific informants. Therefore, the Court grants Defendant's Motion to Compel as to Interrogatory Nos. 1, 4 and 6.

*Id*. at 5.

On February 12, 2010, Plaintiff filed a motion for reconsideration of the Court's order on Defendant's motion (Dkt. 62) and a motion to stay the Court's order (Dkt. 63).

On February 16, 2010, the Court denied Plaintiff's motion for reconsideration. Dkt. 64.

On February 25, 2010, Plaintiff filed a Motion To Certify Orders Granting in Part Defendant's Motion to Compel and Denying Reconsideration Thereof as Immediately Appealable Pursuant to 28 U.S.C. § 1292(b) (Dkt. 71) and a Motion To Stay Proceedings Pending Ruling on Plaintiff's Motion to Certify Orders as Pursuant to 28 U.S.C.

ORDER - 3

§ 1292(b) and Ruling on Appeal (Dkt. 72). On March 8, 2010, Defendant responded. Dkt. 77. On March 12, 2010, Plaintiff replied. Dkt. 81.

On March 23, 2010, the Court denied Plaintiff's motion to stay orders, motion to certify orders and motion to stay proceedings.

On March 24, 2010, Plaintiff filed a Motion to Stay Proceedings Pending Ruling on Plaintiff's Petition for a Writ of Mandamus to the Ninth Circuit Court of Appeals. Dkt. 93. On April 5, 2010, Defendant responded. Dkt. 100. On April 9, 2010, Plaintiff replied. Dkt. 102.

## II. DISCUSSION

Under limited circumstances, a court may grant a stay of proceedings when a party is pursuing a petition pursuant to Federal Rule of Civil Procedure 62(c), including a petition for a writ of mandamus. In deciding whether to issue a stay pending such an appeal, the district court must apply the same four-part standard it applies in reviewing requests for a preliminary injunction. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). In *Winter v. Natural Resources Defense Council, Inc.*, 129 S. Ct. 365 (2008) ("*Winter*"), the Supreme Court stated that a party seeking a stay "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of [a stay], that the balance of equities tips in his favor, and that [a stay] is in the public interest." *Id*. at 375.

**A.  Likelihood of Success on the Merits**

In order to grant a stay, a district court must consider whether the moving party has a strong likelihood of success on the merits. *Hilton*, 481 U.S. at 778.

Here, the Court finds that Plaintiff has not shown that she is likely to succeed on the merits. The likelihood of success in this case is the likelihood of Plaintiff succeeding in having the Court's order to compel (Dkt. 60 ) reversed by the Ninth Circuit. The Court's order to compel distinguished the information Plaintiff can conceal under the informant's privilege from that information which is not protected. *Id*. A district court's

finding regarding the application of the informant's privilege will be upheld unless clearly erroneous. *Wirtz v. Rosenthal*, 388 F.2d 290, 291 (9th Cir. 1967). The Supreme Court, in *Rovario v. United States*, 353 U.S. 53, clarified what is not covered by the informant's privilege:

> The scope of the [informant's] privilege is limited by its underlying purpose. Thus, where the disclosure of the contents of a communication will not tend to reveal the identity of an informer, the contents are not privileged. Likewise, once the identity of the informer has been disclosed to those who would have cause to resent the communication, the privilege is no longer applicable.

*Id*. (internal citations omitted).

In its order to compel, the Court held that Plaintiff was not entitled to assert the informant's privilege with respect to the general information sought by Defendant in its Interrogatory Nos. 1, 4, and 6. (Dkt. 60). The Court will not restate here its reasons for granting in part Defendant's motion to compel, as they are clearly stated in the Court's order. (Dkt. 60). Even if the Ninth Circuit were to disagree with the Court's judgment on the motion to compel, the standard for reversing the Court's decision is "clearly erroneous." *Wirtz*, 388 F.2d at 291. As the Court has explained in each of its orders responding to Plaintiff's interpretation of the informant's privilege and its application to this issue, the Court will not construe the privilege to cover information that does not reveal the specific informants.[2]

Moreover, the information sought by Defendant is central to being able to defend itself in this case. The Supreme Court was clear in *Rovario* that

> [a] further limitation on the applicability of the privilege arises from the fundamental requirements of fairness. Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way.

---

[2] The Court notes, as it has in its previous orders on the issue of the informant's privilege, that Exhibit A to Plaintiff's complaint contains the names of every employee involved in this action, including those whom she claims are protected under the privilege. Dkt. 1 Exh. A.

ORDER - 5

353 U.S. at 60-61.  Thus, even if the Ninth Circuit determined that the information sought by Defendant might give away the identity of Plaintiff's informants, the information is necessary for Defendant to be able to defend itself, and "the privilege must give way." *Id*.

Plaintiff urges the Court to follow the ruling in *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058 (9th Cir. 2000), on the issue of the application of the informant's privilege.  *See* Dkt. 93 at 3, Dkt. 102 at 3-4.   However, in *Advanced Textile*, the Ninth Circuit was reviewing a district court's dismissal of the case with leave to amend the plaintiffs' complaint, not a ruling on a discovery motion, as in the instant action.  214 F.3d at 1065.  The Ninth Circuit also reversed the district court's "case management decision" not to allow the plaintiffs, mainly Chinese garment workers employed by a manufacturer on the island of Saipan, to proceed anonymously at a preliminary stage of the litigation.  *Id*. at 1069.  In *Advanced Textile*, the plaintiffs were seeking the protection of *anonymity* based on actual fear of extraordinary retaliation.  214 F.3d at 1070-71 (emphasis added).[3]  The Ninth Circuit explained the extraordinary situation the plaintiffs in *Advanced Textile* were facing:

> On numerous occasions, plaintiffs were interrogated about, warned against, and threatened for making complaints about their working conditions by defendants and recruiting agents.  Threats ran the gamut from termination and blacklisting, to deportation, arrest, and imprisonment. Plaintiffs' employers have the power to terminate workers, and cause them to be deported.  In addition, the government of China has the ability to arrest and imprison its citizens.  Evidence of collaboration between defendants, the recruiting agencies, and China's government suggests that threats made by defendants and the recruiting agents may be carried out by China's government.

*Id*. at 1071.  Plaintiff's assertion that DSHS employees' need for protection is analogous to the *Advanced Textile* plaintiffs is unpersuasive.  Unlike the employees involved in the instant action, the Ninth Circuit found that the *Advanced Textile* plaintiffs "face[d] greater

---

[3] Again, the Court notes that Plaintiff clearly is not seeking anonymity as she published the names of every employee involved in the instant action as Exhibit A to her original complaint. Dkt. 1., Exh. A.

ORDER - 6

threats of retaliation than the typical FLSA plaintiff" and thus were entitled to extraordinary protection. *Id.* at 1070-71 (internal quotation marks omitted). Here, such "extraordinary protection" is unnecessary. Plaintiff fails to show how the DSHS employees involved in this action may be subject to "greater threats of retaliation than the typical FLSA plaintiff." *Id.* Rather, these DSHS employees are the exact type of FLSA plaintiff the Ninth Circuit was distinguishing the *Advanced Textile* plaintiffs from. *See id.*

While it is up to the Ninth Circuit to determine whether the Court's decision on the motion to compel was "clearly erroneous," for the reasons stated above, the Court concludes that Plaintiff has failed to show a likelihood of success on the merits or even a substantial case on the merits.

**B.     Irreparable Injury**

Next, the Court will consider the possibility of irreparable injury to Plaintiff if the stay is not granted. *Winter*, 129 S. Ct. at 375. Plaintiff argues, as she has in previous motions on this issue, that answering Defendant's Interrogatory Nos. 1, 4, and 6 will eliminate the informant's privilege for those employees Plaintiff is seeking to protect. Dkt. 93 at 4.   Thus, Plaintiff concludes, she will suffer irreparable injury if she is forced to comply with the Court's order to compel because she will be forced to reveal information that may reveal the identity of her informants. Dkt. 93 at 3-4. Further, Plaintiff claims that if she complies with the Court's order to compel, the issues she raises in her Writ of Mandamus will be rendered moot. Dkt. 93 at 4.[4]

Defendant maintains that its Interrogatory Nos. 1, 4, and 6, are seeking neutral information, that is, information for *all* employees who were not paid overtime, regardless of the employees' status as an alleged informant. Dkt. 100 at 8. Defendant is not asking Plaintiff to reveal the identities of the informants, rather, it wants access to the underlying

---

[4] Because Plaintiff cites no authority for her position that the Court should grant a stay because of the effect a denial will have on her Writ of Mandamus, the Court gives the argument limited consideration in weighing the irreparable injury factor.

ORDER - 7

information Plaintiff gathered in investigating employees' claims. *Id*. Thus, Defendant argues, Plaintiff suffers no irreparable injury by revealing this information.

The Court concludes, as it did in its order to compel, that the release of general information as to all employees who were not paid overtime will not tend to identify specific informants. *See* Dkt. 60 at 4. Thus, the Court finds that Plaintiff has failed to show how it will be irreparably harmed by a denial of the stay. As the Court pointed out in an earlier order, Plaintiff concedes that most of the information sought by Defendant "must be disclosed at some point in the litigation because the informant's privilege is qualified and not absolute. *See* Dkt. 54 at 10 ('the parties' witnesses and the facts to which they will testify, will be exchanged on May 3, 2010, prior to the trial.')." Dkt. 91 at 5. The Court did not rule that Plaintiff is completely barred from asserting the informant's privilege as to some material. Dkt. 60 at 3 ("the Court will grant Plaintiff's motion for a protective order as to information that would tend to identify the informants."). Rather, the Court made a ruling that Plaintiff had overused the privilege during discovery and must answer Defendant's interrogatories seeking neutral information. Dkt. 60 at 4. The Court has not required Plaintiff to reveal any protected information. Thus, the Court finds that Plaintiff has failed to show that she will suffer an irreparable injury if the stay is not granted.

**C.   Balance of Hardships**

Now the Court will consider the parties' hardships in having the stay granted or denied. *Winter*, 129 S. Ct. at 375. Plaintiff argues that if the Court refuses to stay the matter pending appeal, she will be required to divulge information that will "subject[] her and those who provided her with information in confidence to lose the important protection provided by the privilege." Dkt. 93 at 4. The Court has already considered Plaintiff's position that she is entitled to the informant's privilege and ruled that the information sought by Defendant in Interrogatory Nos. 1, 4, and 6 is not privileged. *See* Dkts. 60, 91. As explained above, the Court has found that Plaintiff has failed to show a

ORDER - 8

1  likelihood of success on appeal, and requiring Plaintiff to comply with its ruling pending
2  appeal is not a significant hardship.  *See supra* Section III.A.

3  Furthermore, any hardship suffered by Plaintiff is outweighed by Defendant's
4  hardship if the Court were to grant the stay.  This case is set for trial on May 25, 2010.  If
5  the Court were to grant a stay pending Plaintiff's appeal to the Ninth Circuit, Defendant
6  would be forced to endure a lengthy wait for an answer to an issue that has little chance of
7  success as explained above.  *See supra* Section III.A.  Therefore, the Court finds that the
8  balance of hardships tips in favor of Defendant.

**D.   Public Interest**

Finally, in considering whether to grant a stay pending an appeal, the Court will consider the public's interest.  *Winter*, 129 S. Ct. at 375.  In an earlier Court of Appeals opinion in the *Winter* case, the Ninth Circuit reiterated the importance of this factor: "the district court must consider not only the possibility of irreparable harm, but also, in appropriate cases, the public interest.  The public interest is not the same thing as hardship to [a] party . . . .  Balance of hardships is the third factor, and the public interest is the fourth factor.  They are separate . . . ."  *Natural Resources Defense Council v. Winter*, 502 F.3d 859, 862 (9th Cir. 2007) (reversing the district court's order granting a preliminary injunction where the district court did not consider the public interest factor).

Here, Plaintiff's only mention of the public interest factor is a two-sentence reference in her Reply to Defendant's Opposition to Plaintiff's Motion to Stay (Dkt. 102). Plaintiff states: "Defendant believes the public interest would be served by proceeding with a trial in these circumstances letting the Ninth Circuit rule after the parties' and the court's resources are expended in such an effort.  Plaintiff believes that judicial economy and the desire to avoid multiple trials establishes that the public interests are best served by a stay."  (Dkt. 102 at 5).

Defendant argues that the public interest factor weighs in favor of denying the stay because: (1) taxpayers would be disadvantaged by a stay, (2) the outcome of this lawsuit

ORDER - 9

may affect how employers compensate social workers and employees with related positions, and (3) judicial efficiency calls for a denial. (Dkt. 100 at 10).

The Court agrees with Defendant and finds that granting a stay pending Plaintiff's Writ of Mandamus would unnecessarily delay this litigation, which would be against the public interest. In a situation such as this, where the Court has concluded that Plaintiff is unlikely to succeed on the merits of its appeal, and the other factors weigh against granting the stay, the public will most likely be served by a denial of the stay.

Because the Court has concluded that all four factors weigh in favor of Defendant, the Court finds that Plaintiff's motion to stay is denied.

### III. ORDER

Therefore, it is hereby

**ORDERED** that Plaintiff Secretary of Labor's Motion To Stay Proceedings Pending Ruling on Plaintiff's Petition for a Writ of Mandamus to the Ninth Circuit Court of Appeals (Dkt. 93) is **DENIED**.

DATED this 27th day of April, 2010.

BENJAMIN H. SETTLE
United States District Judge