UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SETH D. HARRIS, ACTING SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,[1]<br><br>Plaintiff,<br><br>v.<br><br>STATE OF WASHINGTON DEPARTMENT OF SOCIAL AND HEALTH SERVICES,<br><br>Defendant. | CASE NO. C08-5479 BHS<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO STAY AND REMOVING PLAINTIFF'S MOTION FOR LEAVE FROM THE DOCKET |

This matter comes before the Court on Plaintiff Seth Harris, Acting Secretary of Labor ("Secretary") second motion for leave to file amended Exhibit A to the complaint (Dkt. 164) and motion to stay pending ruling on Secretary's petition for writ of mandamus (Dkt. 166). The Court has considered the pleadings filed in support of and in

---

[1] Seth D. Harris was appointed as Acting Secretary of Labor on January 24, 2013. Pursuant to Federal Rule of Civil Procedure 25(d), the caption has been changed to reflect the appointment.

ORDER - 1

opposition to the motion and the remainder of the file and hereby grants the motion to stay and removes the motion to amend from the docket for the reasons stated herein.

## I. PROCEDURAL HISTORY

On July 31, 2008, the Secretary filed a complaint alleging that Defendant violated the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201-19, by failing to pay overtime to case-carrying full-time Social Worker II and Social Worker III for DSHS's Children's Administration, and by failing to keep required records. Dkt. 1.

On October 28, 2009, Defendant served discovery request on the Secretary. On December 14, 2009, the Secretary moved for protective order to limit the disclosure of information that he claims would tend to identify DSHS employees who provided information to the Secretary upon a promise of confidentiality during the investigation, pursuant to the government's informant's privilege. Dkt. 38. On January 12, 2010, Defendant moved to compel such information. Dkt. 51. On February 10, 2010, the Court issued an order granting in part and denying in part the Defendant's motion to compel. Dkt. 60. On February 7, 2013, the Secretary filed a second motion for reconsideration of that order (Dkt. 155), which the Court denied after hearing oral argument (Dkt. 160).

On June 3, 2013, the Secretary filed a motion to amend Exhibit A to the complaint. Dkt. 164.

On June 25, 2013, the Secretary filed a motion for partial stay of the proceedings pending a ruling on the Secretary's petition for writ of mandamus to the Ninth Circuit. Dkt. 166. On July 8, 2013, Defendant responded. Dkt. 167. On July 12, 2013, the Secretary replied. Dkt. 171.

## II. DISCUSSION

As a threshold matter, there is a lack of authority on the issue of a stay of the trial court proceedings pending an appellate court's review of a petition for writ of mandamus on the informant's privilege. This is most likely because the usual route to appeal is dismissal of the action as a sanction for failing to follow the Court's discovery order. *See, e.g., Brennan v. Engineered Products, Inc.*, 506 F.2d 299 (8th Cir. 1974). In the absence of such authority, both parties cite the test for the issuance of a preliminary injunction. Dkts. 166 at 3–4 & 167 at 2. That test, however, is elaborate and unnecessary. Therefore, the Court declines to adopt the proposed test.

A district court has discretionary power to stay proceedings in its own court under *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). The Ninth Circuit set forth a framework to evaluate the exercise of discretion as follows:

> Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed. Among those competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (citing *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). In *CMAX*, the court, applying this framework, upheld the district court's grant of a stay. The court "noted that CMAX sought only damages" and that delaying "suit would result, at worst, in a delay in its monetary recovery, with possible (though by no means certain) loss of prejudgment interest." *Lockyer*, 398 F.3d

at 1110.  The court also "noted that the [additional] proceeding would provide considerable assistance in resolving CMAX's suit . . . ." *Id*.

In this case, the Court finds that a stay is warranted for at least two reasons.  First, releasing the names would ring a bell that could not be unrung.  While numerous cases have been litigated in this Court with information produced for attorney's eyes only, the Secretary argues that any release of the names would be extremely detrimental.  For example, the Secretary contends that this case would create a slippery slope such that the "flow of information [from confidential informants would] simply dry up, especially in the hardest cases involving human trafficking and child labor . . . ."  Dkt. 171.  This argument completely ignores the holding of the principal case relied upon by the Secretary, *Roviaro v. United States*, 353 U.S. 53, 59 (1957).  In that case, the Supreme Court held

> that no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous *must depend on the particular circumstances of each case*, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors.

*Id*. at 62 (emphasis added).  Regardless, the Court finds that a stay is appropriate because confidentiality can never be re-acquired after release.

Second, it is in the interest of justice to determine the issue before the case proceeds to trial.  It would be a waste of the Court's and the parties' time and resources to proceed to trial with Defendant lacking a complete and adequate defense to the individual allegations of unpaid overtime.  Although the Secretary contends that Defendant has

ORDER - 4

1 sufficient information to defend against the representative strategy that the Secretary
2 intends to employ, the Court finds that Defendant is in the best position to form its
3 defense and Defendant has convinced the Court on many occasions that the contested
4 information is important to its defense.

5 **III. ORDER**

6 Therefore, it is hereby **ORDERED** that the Secretary's motion to stay (Dkt. 166)
7 is **GRANTED**, and all deadlines are hereby stricken. The Secretary's motion to amend
8 will be removed from the docket and may be renoted after the stay is lifted.

9 Dated this 30th day of July, 2013.

BENJAMIN H. SETTLE
United States District Judge